IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN ROYAL,

        Plaintiff,                2:07-cv-0474-GEB-DAD-P

        vs.

LEE T. HOFER,

        Defendant.            <u>ORDER</u>

_____/

           On September 3, 2008, the assigned magistrate judge issued an order requiring plaintiff to file a status report within thirty days.  The thirty-day period expired, and plaintiff had not filed a status report or otherwise responded to the court's order.  Accordingly, on October 16, 2008, the assigned magistrate judge issued findings and recommendations, recommending dismissal of this action.  On December 1, 2008, the court adopted the findings and recommendations in full and dismissed this action without prejudice.  On the same day, the case was closed.  Pending before the court is plaintiff's motion for reconsideration.  Defendants have filed a timely opposition to plaintiff's motion.  Plaintiff has not filed a reply.

///

///

1

### PLAINTIFF'S MOTION FOR RECONSIDERATION

In moving for reconsideration, plaintiff alleges that he has not been receiving his legal mail in a timely fashion. In this regard, he claims that he did not receive legal mail that was dated October 17, 2008, until January 9, 2009 and did not receive legal mail that was dated December 2, 2008, until January 6, 2009. Plaintiff has attached to his motion for reconsideration copies of two envelopes purportedly from this court. One of the envelopes was addressed to him at the California Medical Facility, which appears to have been subsequently forwarded to him at CSP-Solano. Another envelope was addressed to him at CTF-Soledad, which appears to have been subsequently forwarded to him at CSP-Sacramento and then to CSP-Solano. Plaintiff notes that he has never been housed at CTF-Soledad, and he has not been housed at CSP-Sacramento for more than a year. According to plaintiff, delivery of his legal mail has been delayed for the last year and presumably should excuse his failure to comply with the court's order.

In opposition, defense counsel argues that plaintiff's motion for reconsideration is untimely and deficient. First, counsel argues that plaintiff's motion is untimely under Rule 59 because it was not filed within ten days of the entry of judgment. Alternatively, counsel argues that if plaintiff's motion is brought under Rule 60(b), it lacks merit. In this regard, counsel observes that the court's proofs of service establish that the court sent its orders to CSP-Sacramento, the mailing address that plaintiff provided to the court, and that plaintiff never filed a notice of change of address. Counsel argues that plaintiff's failure to follow the Local Rules of Court does not entitle him to relief.[1]

Finally, defense counsel argues that the mail log entries at CSP-Solano indicate that plaintiff received at least one of the court's orders prior to the dismissal of this action. In

---

[1] Defense counsel also argues that two envelopes which plaintiff represents as having been sent to him by this court are suspect. Counsel notes that neither California Medical Facility nor CTF-Soledad forward mail in the hand-written manner indicated by plaintiff's exhibit, suggesting that plaintiff himself may have altered the envelopes. Moreover, counsel represents to the court that the mail logs at California Medical Facility and CTF-Soledad do not reflect legal mail entries for plaintiff for the dates indicated on the envelopes submitted by plaintiff.

1  that event, according to defendant, plaintiff ignored either the court's order of September 3,

2  2008, requiring the filing of a status report or the court's findings and recommendations of

3  October 16, 2008.  In either event, counsel argues, plaintiff had ample notice that he was required

4  to comply with the court's order and failed to do so.  Accordingly, for all of the foregoing

5  reasons, defense counsel concludes that plaintiff's motion for reconsideration should be denied.

6                                                **ANALYSIS**

7              Motions to reconsider are directed to the sound discretion of the court.  <u>Frito-Lay</u>

8  <u>of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981).  First, to the extent

9  that plaintiff's motion for reconsideration is brought pursuant to Rule 59(e) of the Federal Rules

10  of Civil Procedure, it is untimely.  Under this rule, "A motion to alter or amend a judgment must

11  be filed no later than 10 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  Here, the court

12  entered judgment on December 1, 2008.  Plaintiff did not file his motion for reconsideration until

13  January 15, 2009, nearly two months after the court dismissed this action.

14              Alternatively, if plaintiff's motion is brought pursuant to Rule 60(b) of the Federal

15  Rules of Civil Procedure, it lacks merit.  Rule 60(b) is remedial and nature and must be applied

16  liberally.  <u>Cmty. Dental Servs. v. Tani</u>, 282 F.3d 1164, 1169 (9th Cir. 2002) (en banc).  However,

17  even assuming the allegations of plaintiff's one-page motion to reconsider are true, he has failed

18  to demonstrate that he is entitled to relief under any of the provisions of Rule 60(b).  <u>See</u> <u>Cassidy</u>

19  <u>v. Tenorio</u>, 856 F.2d 1412, 1415 (9th Cir. 1988) (moving party bears the burden of demonstrating

20  he is entitled to relief under Rule 60(b)).

21              Rule 60(b) provides:

22              On motion and upon such terms as are just, the court may relieve a
            party . . . from a final judgment, order, or proceeding for the
23              following reasons:  (1) mistake, inadvertence, surprise, or
            excusable neglect; (2) newly discovered evidence which by due
24              diligence could not have been discovered in time to move for a
            new trial under Rule 59(b); (3) fraud (whether heretofore
25              denominated intrinsic or extrinsic), misrepresentation, or other
            misconduct of an adverse party; (4) the judgment is void; (5) the

26  ///

                                                      3

1  judgment has been satisfied . . .; or (6) any other reason justifying
2  relief from the operation of the judgment.

3  Fed. R. Civ. P. 60(b).

4          First, plaintiff is not entitled to relief under the "excusable neglect" provision of

5  Rule 60(b)(1).  The court properly served plaintiff with its order requiring him to file a status

6  report as well as its findings and recommendations recommending dismissal of this action.

7  Under Local Rule 83-182(f), plaintiff is under a continuing obligation to inform the court of any

8  change of address.  Absent such notice, service of the court's orders are fully effective.  Here,

9  plaintiff commenced this action and listed his address of record at CSP-Sacramento.  At no time

10 did plaintiff file a notice of change of address with the court.  Even if there was a delay in

11 plaintiff receiving his legal mail from the court, he was nevertheless obligated to comply with

12 court's orders.  Under these circumstances, plaintiff's failure to comply with the Local Rules

13 during the pendency of this action, as well as his failure to comply with the court's order

14 requiring him to file a status report, does not constitute "excusable neglect."  See, e.g., Pioneer

15 Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (factors to consider

16 in determining whether neglect is excusable include "the reason for the [filing] delay, including

17 whether it was within the reasonable control of the movant"); Harvest v. Castro, 531 F.3d 737,

18 746 (9th Cir. 2008) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do

19 not usually constitute 'excusable neglect.'") (quoting Pioneer Invs. Servs. Co., 507 U.S. at 392);

20 In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991) (refusing to set aside judgment when pro se

21 party received actual or constructive notice of a filing and failed to respond).

22         Nor is plaintiff entitled to relief under Rule 60(b)(6).  The Ninth Circuit has

23 cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest

24 injustice and is to be utilized only where extraordinary circumstances prevented a party from

25 taking timely action to prevent or correct and erroneous judgment."  Harvest, 531 F.3d at 749.  In

26 this regard, "a party seeking to reopen a case under Rule 60(b)(6) 'must demonstrate both injury

4

1    and circumstances beyond his control that prevented him from proceeding with the prosecution

2    or defense of the action in a proper fashion.'"   <u>United States v. Washington</u>, 394 F.3d 1152, 1157

3    (9th Cir. 2005).  As noted above, plaintiff failed to keep the court apprised of his current address.

4    As noted, even if his legal mail was delayed, it appears that plaintiff  nevertheless had more than

5    sufficient time to respond to the court's order requiring him to file a status report before the court

6    dismissed this action.[2]  Nevertheless, plaintiff failed to file a status report or request an extension

7    of time to do so.  In fact, plaintiff did not respond to any of the court's orders until more than

8    four months after the court served him with its initial order requiring him to file a status report.

9    Given this record, it cannot be said that extraordinary circumstances prevented plaintiff from

10   diligently prosecuting this action.

11           Finally, none of the other provisions of Rule 60(b) are applicable in this case.

12   Accordingly, the court will deny plaintiff's motion for reconsideration.[3]

13                                        **CONCLUSION**

14           For the reasons discussed above, IT IS HEREBY ORDERED that:

15           1.  Plaintiff's January 15, 2009 motion for reconsideration (Doc. No. 28) is

16   denied;

17           2.  Plaintiff's January 15, 2009 motion for appointment of counsel (Doc. No. 27)

18   is denied as moot; and

19   ///

20   ///

21   ///

22   ──────────────────

23   [2]  Although the CSP-Solano mail logs do not reveal the content of the legal mail plaintiff received from this court, the instant action is plaintiff's only action pending in this court.

24   [3]  Plaintiff is advised that the court dismissed this action without prejudice.  Dismissal

25   without prejudice allows plaintiff to file a new action if he so desires.  However, if plaintiff decides to file a new action, he should not include this case number on his new complaint.  In addition, any new complaint should be accompanied by a new application to proceed in forma

26   pauperis.

1         3.  Plaintiff shall file nothing further in this action.  Failure to comply with this

2  order may result in the imposition of monetary sanctions.

3  Dated:  August 5, 2009

GARLAND E. BURRELL, JR.
United States District Judge